IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARED BARNHILL,

    Petitioner,

v.                                           Civ. No. 21-1162 WJ/GBW

UNITED STATES OF AMERICA,

    Respondent.

## ORDER FOR SUBMISSION OF AFFIDAVIT

THIS MATTER is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"). *See Doc. 1.* Based on the current record, the Court is unable to determine whether an evidentiary hearing is required based on the allegations contained in the Motion's first and second grounds for relief. Therefore, pursuant to Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, Rule 7, the Court will order Petitioner to produce an affidavit clarifying his factual contentions regarding the plea negotiations with the United States between May 20, 2019, and March 23, 2020.

Petitioner alleges in his Motion that he received constitutionally ineffective assistance from his defense counsel during plea bargaining. *Id.* at 4–5. The sum total of Petitioner's presentation on this matter is as follows:

> Defendant was ill advised by counsel to accept a plea deal of 168 months after defendant agreed to accept plea, deal was replaced with 216 months. Defendant was ill advised to accept deal that was subsequently

> withdrawn and replaced with deal which requires defendant to serve 4 additional years in federal prison.  Lawyer urged defendant to accept increased penalty deal. … Defendant was advised to take plea deal which was 48 months longer than what had been previously agreed on by defendant after he had already agreed to accept the shorter sentence, thus adding 4 years to defendant's sentence.

*Id*.  Defendant also states that he only became knowledgeable this issue recently.  *Id*. at 6.  The vague and seemingly contradictory nature of these statements make it impossible for the Court to determine the nature of Petitioner's claims underlying Ground One and Ground Two of his Petition and to evaluate the necessity of an evidentiary hearing.

    Therefore, Petitioner Jared Barnhill is hereby ordered to submit a sworn affidavit describing the communications he had with his counsel regarding plea negotiations with the United States.  At a minimum, the affidavit should include what he was told about any plea offer made by the United States, what his attorney's advice was with respect to any plea offer made by the United States, what he was told about the withdrawal of any plea offer from the United States, and when[1] any of these conversations occurred.  Petitioner must also produce along with the affidavit any evidence corroborating the plea offers Petitioner claims were made by the United States.  Finally, Petitioner's affidavit should explain what he means that he only became knowledgeable this issue recently.

---

[1] Petitioner may, but need not, provide precise dates and times of any such communications.  The affidavit should simply explain the chronological order in which the communications occurred in the context of Petitioner's criminal case.

Petitioner is ORDERED to file his affidavit and any accompanying evidence **no later than October 7, 2022.** Should Petitioner require additional time, he must file a motion for extension prior to this deadline. Failure to comply with this order may lead to dismissal of his Petition on its merits and for failure to comply with an order of the Court.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE